The document below is hereby signed.

Signed: September 12, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOYCE Y. BENDER, | ) | Case No. 19-00488 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION REGARDING
<u>GRANTING RELIEF FROM THE AUTOMATIC STAY</u>

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") seeks relief from the automatic stay to pursue a foreclosure sale regarding the debtor's real property.

I

The automatic stay has already terminated in this case under 11 U.S.C. § 362(c)(3). The debtor's prior case, Case No. 19-00012, was dismissed on January 9, 2019, within one year of the commencement of this case. The debtor did not file a motion within 30 days after the commencement of this case seeking to extend the automatic stay beyond 30 days after the commencement of the case. Therefore, under § 362(c)(3), the automatic stay terminated.

II

Even if the automatic stay did not already terminate under § 362(c)(3), this is a Chapter 7 case, and termination of the automatic stay is justified because no purpose under the Bankruptcy Code would be served by keeping the automatic stay in place. "The automatic stay is a temporary stay pending a determination of whether there is cause to lift the stay, and such cause includes there being, as here, no reason under the Bankruptcy Code to keep the automatic stay in place." *In re Horton*, 595 B.R. 1, 2 (Bankr. D.D.C. 2019). The debtor has claimed the property at issue, her residence, to be exempt in its entirety (and a debtor in the District of Columbia is entitled under D.C. Code § 15-501(a)(14) to exempt the entirety of her residence). Understandably, the Chapter 7 trustee, who represents the interests of the estate, has not opposed U.S. Bank's motion: the Chapter 7 trustee will not be administering property that is exempted from the estate.

Eventually this Chapter 7 case will come to an end, and upon closing of the case, the debtor's residence would cease by reason of 11 U.S.C. § 554(c) to be estate property even if she had not exempted it. The automatic stay of any foreclosure sale efforts (if it did not already terminate under § 362(c)(3)) would terminate by operation of 11 U.S.C. § 362(c)(1) and (2)(A) upon the closing of the case. The debtor points to no purpose under

2

the Bankruptcy Code warranting delaying the inevitable.  This is not a chapter 11 or chapter 13 case that might provide a purpose for having the automatic stay remain in place as to the property.

                                    III

The debtor contends:

> Countrywide [the original lender] never loaned me $416,000.00. The small amount I did receive, approximately $50,000.00, went to pay bills. That is all the money I ever received from Countrywide.
>     It is a blatant lie for them to claim they loaned me $416,000.00. They dealt with me having illegal and corrupt intentions. I was a victim of a predatory lender.

The debtor will retain the right in foreclosure proceedings to raise that challenge to the debt U.S. Bank is attempting to collect.[1]  That she has such a challenge to U.S. Bank's claim does not alter the fact that there is no reason under the Bankruptcy Code to keep the automatic stay in place.

Although the challenge to U.S. Bank's claim is pertinent to whether the state court ought to permit foreclosure to proceed, the debtor has not pointed to any reason why the challenge is pertinent at this juncture to the administration of this bankruptcy case such as to fall within the court's subject matter jurisdiction under 28 U.S.C. § 1334(b).

---

[1] Consideration for agreeing to pay that $416,000 would not necessarily be limited to cash directly received by the debtor. The debtor does not address whether Countrywide financed the purchase of the property (distributing funds to the seller) or paid off an existing lien (distributing funds to the holder of the existing lien).

IV

In any event, the debtor did not present evidence in support of her challenge. The debtor did not appear at the scheduled time for the hearing on U.S. Bank's motion, and thus did not offer evidence in support of her challenge quoted above. The debtor has not denied that she executed the promissory note, upon which U.S. Bank relies, reflecting the debtor's promise to pay $416,000. Without any evidence establishing that the debtor did not lawfully become obligated to pay Countrywide $416,000, the promissory note is enforceable for the full amount stated plus interest and fees that have accrued. The debtor has challenged the amount that U.S. Bank asserts it is now owed if the $416,000 promissory note is lawfully enforceable. That amount exceeds the value of the property that the debtor listed on her schedules, and relief from the stay is appropriate under 11 U.S.C. § 362(d)(2) based on the lack of equity and the fact that the property is not necessary for an effective reorganization. If § 362(d)(2) were the critical issue regarding the motion, the debtor might be entitled to seek to have a renewed hearing to present evidence.[2] However, it is not a critical issue because

---

[2] The debtor appeared in the courtroom after the hearing had concluded, and the courtroom deputy clerk was unable to reach U.S. Bank's counsel to possibly resume the hearing. The debtor explained to the courtroom deputy clerk that the special public transportation for her as a disabled individual was more than an hour late in arriving to pick her up.

other reasons, discussed above, require that I grant U.S. Bank's motion, and would render it unnecessary to adjudicate the debtor's challenge quoted above.

V

Based on the foregoing, an order follows granting U.S. Bank's motion.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); e-recipients.